IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| Emerging Technology Support, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-mc-00341 |
| | ) |
| Michael A. Ponder, | ) |
| | ) |
| Defendant. | ) |

**EMERGING TECHNOLOGY SUPPORT, LLC'S**
**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 104.7**

I, Shauna M. Wertheim, counsel for Plaintiff Emerging Technology Support, LLC ("ETS"), hereby state that counsel for ETS have made the following good faith efforts and held the following conferences with counsel for non-party Jovian Concepts, Inc. and its employees, Amanda Brezina and Jimmy Del Rosario (collectively, "Jovian") to resolve the outstanding discovery disputes recited below:

1. This matter arises out of a case pending in the U.S. District Court for the Western District of North Carolina, Charlotte Division, captioned and styled, *Emerging Technology Support, LLC v. Michael A. Ponder*, Case No. 2:13-cv-00341-FDW-DSC. The instant discovery dispute which is the subject of this Certificate and the related Motion to Compel involves non-parties who work and/or reside in this jurisdiction.

2. On November 8, 2013, on behalf of my client, Plaintiff ETS, I issued third party subpoenas to Jovian and its employee Jimmy Del Rosario, including Notices of Deposition for Mr. Del Rosario on November 12, 2013 (Exhibit 1), and for Jovian's 30(b)(6) designee on November 13, 2013 (Exhibit 2). The Subpoenas also requested that the witnesses produce documents to ETS on or before December 6, 2013 (Exs. 1 and 2). Jovian was served on November 11, 2013, and Mr. Del Rosario was served on November 14, 2013. *Id.*

3. On November 22, 2013, Michelle J. Marzullo, counsel for Jovian contacted me and stated that Jovian was not available on December 13, 2013 and that Jovian objected to providing much of the information sought in the subpoena. Jovian also offered to supply an affidavit for certain topic areas listed in the Notice in lieu of a deposition. I advised Jovian's counsel that an affidavit would not be satisfactory, and that ETS also needed to take the deposition of another Jovian employee, Amanda Brezina. At the conclusion of the conversation, Ms. Marzullo stated she would speak to Ms. Brezina and Jovian about other available dates for their depositions and about producing documents.

4. On November 26, 2013, Jovian's counsel sent a letter to me threatening to file a Motion to Quash. Exhibit 3. On November 27, 2013, in an effort to resolve the matter, I contacted Ms. Marzullo – and included Defendant's counsel, Michael P. Elkon, on the telephone call – to discuss Jovian's objections to producing documents and appearing for deposition. Jovian counsel, Ms. Marzullo, agreed at the conclusion of the call to provide written detailed objections to me by December 4, 2013.

5. After the call, also on November 27, 2013, I re-issued new subpoenas to Jovian, Jimmy Del Rosario, and issued subpoenas and a Notice of Deposition to Jovian employee Amanda Brezina. Exhibits 4a – 4c.

6. On December 4, 2013, Jovian's counsel, Ms. Marzullo, e-mailed me and stated that she was still working on sending Jovian's responses and objections to ETS's subpoenas to Jovian's corporate designee, and its employees Amanda Brezina and Jimmy Del Rosario.

7. On December 6, 2013, I sent a letter to Jovian's counsel, Ms. Marzullo, requesting Jovian's written responses and objections to ETS's subpoenas based on counsel's email of December 4, 2013. I also reminded Ms. Marzullo that discovery in the matter closed on December 23, 2013, and Plaintiff was eager to resolve the matter as quickly as possible. Exhibit 5.

8. On December 6, 2013, Jovian's counsel, Ms. Marzullo, sent a letter to me objecting to nearly every document request and Rule 30(b)(6) deposition topic. In response to the subpoena, Jovian provided only one document – an email chain which Plaintiff already had in its possession. Jovian counsel also furnished an affidavit from Mr. Del Rosario and again suggested that Plaintiff accept the affidavit in lieu of deposing Jovian's corporate designee, Mr. Del Rosario and Ms. Brezina. Exhibit 6.

9. Between December 11 and 13, 2013, Jovian's counsel, Ms. Marzullo, and I communicated by telephone and letter, attempting to resolve our differences on the scope of the depositions and document requests. For example, on December 11, 2013, I sent a letter to Ms. Marzullo, refining and reducing the scope of ETS's document requests. Exhibit 7.

10. Unfortunately, as set forth in a December 13, 2013 letter sent to me by Jovian's counsel, Ms. Marzullo, despite my narrowing of the scope of certain of the document requests and topic areas for the corporate designee deposition, Jovian continues to object to producing certain documents which ETS deems vital to the deposition of Jovian's witnesses as well as to the case. Exhibit 8. Ms. Marzullo did state Jovian would make Mr. Del Rosario and Ms. Brezina available for deposition.

11. On December 20, 2013, I confirmed with Jovian counsel, Ms. Marzullo, the dates of January 15, 2014 and January 17, 2014 for the depositions of her clients, and stated that it was clear we had arrived at an impasse regarding the discovery matters, and further that Plaintiff was forced to seek relief from the Court. Exhibit 9.

12. On December 26, 2013, I sent Jovian's counsel, Ms. Marzullo, by email and first-

class mail, the Motion to Compel which I informed her would be filed with the Court today, December 27, 2013, assuming we could not resolve the matter. In that same email to counsel, I attached a Motion for Expedited Consideration by the Court. A copy of those emails are attached as Exhibits 10a-10d. I received email confirmation that Ms. Marzullo received and read all four emails, transmitting both Motions with multiple exhibits. Copies of those "Read Receipt" confirmations are attached as Exhibits 11a - 11d.

      13. At 11:03 AM on December 27, 2013, I telephoned Ms. Marzullo, by way of follow-up to my emails of the previous day. I inquired whether her client had any change in position that would allow us to avoid my filing the Motion to Compel. She responded that she was reading through the Motion to Compel sent her, and repeated Jovian's previous position, namely, that her client does not own, control, or have possession of the documents requested, and that the documents are not her client's documents to give, and that Ms. Brezina and Mr. Del Rosario will so testify at their depositions. I confirmed that Plaintiff ETS would have to move forward with filing the Motion to Compel, and Plaintiff ETS will still plan on taking the depositions of Mr. Del Rosario and Ms. Brezina on January 15, and 17, 2014, respectively. Ms. Marzullo followed up our call with the email attached as Exhibit 12.

      14. As set forth in Plaintiff's Motion to Compel being filed contemporaneously herewith, Plaintiff ETS seeks information from Jovian and its employees relating to unlawful and false statements by Defendant Ponder made to Jovian, and these statements are highly relevant to the claims of ETS's Complaint. Jovian's and its employees' failure to comply with the subpoenas on the basis of alleged confidential, classified, or attorney-client privileged status is improper and contrary to law.

      15. The following items require the Court's resolution:

      a. Jovian's production of documents responsive to Request Numbers 4-5, 7-9, and 11-12 as requested in Schedule B of the Rule 30(b)(6) Notice of Deposition Duces Tecum to Jovian Concepts, Inc. dated November 8, 2013.

      b. Jovian's 30(b)(6) corporate designee testimony on subject matter areas listed in Item Numbers 8 and 9 of Schedule B to the Jovian 30(b)(6) Notice of Deposition, as well as to any questions relating to the documents produced in response to the Notice of Deposition.

      c. Production of documents by Jovian employee Amanda Brezina in response to Request Numbers 1-9 in Schedule A of the Notice of Deposition Duces Tecum to Amanda Brezina dated November 27, 2013, and, with respect to Request No. 1 specifically, production of documents that address each of her responsibilities for investigating ETS and/or meeting with ETS personnel in the course of her work for Jovian.

      d. Production of documents by Jovian employee Jimmy Del Rosario in response to Request Numbers 1-9 in Schedule A of the Notice of Deposition Duces Tecum to Jimmy Del Rosario dated November 8, 2013, and, with respect to

Request No. 1 specifically, production of documents that address each of his responsibilities for investigating ETS and/or meeting with ETS personnel in the course of his work for Jovian.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed: December 27, 2013

*[signature]*
Shauna M. Wertheim, Esq.
Maryland Fed. Bar No. 08333
The Marbury Law Group, PLLC
11800 Sunrise Valley Drive, 15th Floor
Reston, VA  20191
(703) 391-2900 Telephone
(703) 391-2901 Facsimile
SWertheim@marburylaw.com

Douglas M. Jarrell (N.C. Bar No. 21138)
ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC  28246
Telephone: 704-377-2536
Facsimile:  704.378.4000
djarrell@rbh.com

*Counsel for Plaintiff Emerging Technology Support, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2013, a copy of the foregoing Certificate of Compliance in support of ETS's Expedited Motion to Compel Discovery Responses and Production of Documents and Things from Non-Party Jovian Concepts, Inc. and Its Employees Amanda Brezina and Jimmy Del Rosario has been served by first-class mail, and electronic mail to the following:

Michelle J. Marzullo
Marks, O'Neill, O'Brien Doherty & Kelly, P.C.
Suite 305
600 Baltimore Avenue
Towson, MD 21204
mmarzullo@moodklaw.com
*Counsel for Non-Party Jovian Concepts, Inc.*

J. Michael Honeycutt
Fisher & Phillips, LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
*Counsel for Defendant*

Michael P. Elkon
Fisher & Phillips, LLP
1075 Peachtree Street, NE, Ste. 3500
Atlanta, GA 30309
*Counsel for Defendant*

Shauna M. Wertheim

**APPENDIX OF EXHIBITS**

| Exhibit | Description |
| --- | --- |
| 1. | Subpoenas and Deposition Notice to Jimmy Del Rosario dated November 8, 2013 |
| 2. | Subpoenas and Rule 30(b)(6) Deposition Notice to Jovian Concepts, Inc. dated November 8, 2013 |
| 3. | Letter from Jovian Counsel dated November 26, 2013 |
| 4a. | Amended Subpoenas to Jovian Concepts, Inc. dated November 27, 2013 |
| 4b. | Amended Subpoenas to Jimmy Del Rosario dated November 27, 2013 |
| 4c. | Subpoenas and Deposition Notice to Amanda Brezina dated November 27, 2013 |
| 5. | Letter from Plaintiff's Counsel to Jovian Counsel dated December 6, 2013 |
| 6. | Letter from Jovian Counsel dated December 6, 2013 |
| 7. | Letter from Plaintiff's Counsel to Jovian Counsel dated December 11, 2013 |
| 8. | Letter from Jovian Counsel dated December 13, 2013 |
| 9. | Email from Plaintiff's Counsel to Jovian Counsel dated December 20, 2013 |
| 10a. | Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion to Compel |
| 10b. | Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion to Compel Exhs D through G |
| 10c. | Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion to Compel – Exhs. H through I |
| 10d. | Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion for Expedited Consideration of Motion to Compel |
| 11a. | Read Receipt for email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion to Compel |
| 11b. | Read Receipt for Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion to Compel Exhs D through G |

11c.    Read Receipt for Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion to Compel – Exhs. H through I

11d.    Read Receipt for Email from Plaintiff's Counsel to Jovian Counsel dated December 26, 2013 Re: ETS v. Ponder – Non-Party Subpoenas – Motion for Expedited Consideration of Motion to Compel

12.     Response Email from Counsel for Jovian to Counsel for Plaintiff dated December 27, 2013.